IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-1520-RP |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | § § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court is Plaintiff Texas Health and Human Services Commission's ("Texas HHS") Emergency Motion for Temporary Restraining Order, Preliminary Injunction, or Stay of Agency Action. (Dkt. 2). In it, Texas HHS requests that the Court enjoin Defendants[1] from (1) making Texas HHS return over $83 million and (2) charging Texas HHS interest on the $83 million in question during the pendency of this case. (*Id.*). Having reviewed the motion, the Court finds that Texas HHS's request for an ex parte TRO should be denied and any other requested relief should wait for a response from Defendants.

A TRO is "a highly accelerated and temporary form of preliminary injunctive relief, which may be granted without notice to the opposing party or parties." *Cotton v. Texas Express Pipeline, LLC*, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017). Under Federal Rule of Civil Procedure 65, a court may issue a TRO without written or oral notice to the adverse party only if both of the following requirements are met:

---

[1] United States Department of Health and Human Services; Xavier Becerra, in his official capacity as Secretary of the United States Department of Health and Human Services; Chiquita Brooks-Lasure, in her official capacity as Administrator for the Centers for Medicare and Medicaid Services; Daniel Tsai, in his official capacity as Deputy Administrator and Director of the Center for Medicaid and CHIP Services; and Charlie L. Arnold, in his official capacity as Director of the Division of Financial Policy for the Center for Medicaid and CHIP Services (collectively, "Defendants").

1

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A),(B).

Texas HHS fails to meet both requirements. First, Texas HHS was required to plead facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). While Texas HHS states it must return the funds to the United States, Texas HHS does not tell the Court by what date it must do so. Nor does Texas HHS otherwise show that it will suffer immediate injury. Having failed to provide those specific facts, Texas HHS cannot show that it will suffer an immediate injury, loss, or damage, and the Court cannot grant the requested relief at this time.

Second, the Federal Rules require Texas HHS's counsel to certify in writing their efforts to give notice to Defendants and provide the reasons why Texas HHS should not be required to provide that notice to Defendants. In its TRO motion, Texas HHS does not certify in writing any efforts made to give notice to Defendants or explain why notice should not be required. The Court will not grant an ex parte TRO when Texas HHS has not complied with the notice requirements of Rule 65.

Finding that Texas HHS has failed to satisfy both requirements under Rule 65(b)(1), this Court cannot grant the requested relief. *See CompuCom Sys., Inc. v. WJ Glob., LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (denying Plaintiff's request for ex parte relief on same grounds); *Cotton*, 2017 WL 2999430, at *2 (W.D. Tex. Jan. 10, 2017) (denying Plaintiff's request for ex parte relief for failure to satisfy both requirements of Rule 65(b)).

Accordingly, **IT IS ORDERED** that Texas HHS's Emergency Motion for Temporary Restraining Order, Preliminary Injunction, or Stay of Agency Action, (Dkt. 2), is **DENIED**

**WITHOUT PREJUDICE**. To the extent Texas HHS also currently seeks a preliminary injunction or a stay, the Court will address Texas HHS's motion for a preliminary injunction or motion to stay once Defendants have been served and given the opportunity to respond.

    **SIGNED** on December 12, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE